**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for WHEATLAND BANK, </br></br>　　　Plaintiff and Counter-Defendant, </br></br>　　v. </br></br>ONEBEACON MIDWEST INSURANCE COMPANY, </br></br>　　　Defendant and Counter-Plaintiff, </br></br>　　v. </br></br>LEWIS MARK SPANGLER; ARTHUR P. SUNDRY, JR.; MICHAEL A. SYKES; LEONARD EICHAS; FRANK MALY; DOLORES RITTER; MARY DAVOLT; BEVERLY HARVEY; MICHAEL REES; and NORMAN BELES, </br></br>　　　Additional Counter-Defendants. | Case No. 1:11-cv-03972 |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE
AND WHICH ENTITLE ONEBEACON MIDWEST INSURANCE COMPANY
TO PARTIAL JUDGMENT AS A MATTER OF LAW**

OneBeacon Midwest Insurance Company ("OneBeacon") hereby submits the following facts as to which it contends there is no genuine issue and that entitle OneBeacon to partial judgment as a matter of law:

**I.　PARTIES**

　　1.　The Federal Deposit Insurance Corporation ("FDIC") is an agency and body corporate organized and existing under the laws of the United States of America. (Dock. No. 1,

Compl. ¶ 3; *see* 12 U.S.C. § 1819). The FDIC is a party in another relevant action pending in this Court, *Federal Deposit Insurance Corporation as Receiver for Wheatland Bank v. Lewis Mark Spangler, Arthur P. Sundry, Jr., Michael A. Sykes, Leonard Eichas, Frank Maly, Dolores Ritter, Mary Davolt, Beverly Harvey, Michael Rees, and Norman Beles*, Case No. 1:10-CV-04288 (Hon. William T. Hart) (the "D&O Lawsuit"). (*See* **Exhibit A**, D&O Lawsuit Am. Compl. (hereinafter "D&O Compl.")). The defendants in the D&O Lawsuit are referred to herein, collectively, as the "D&Os."

2.  Wheatland Bank ("Wheatland" or the "Bank") was organized under the laws of the State of Illinois, and its deposits were insured by the FDIC. (Compl. ¶ 3; D&O Compl. ¶ 5). Wheatland was based in Naperville, Illinois and had no branches, holding company, or affiliates. (Compl. ¶ 3; D&O Compl. ¶ 2). Wheatland operated from February 2007 until April 23, 2010, when the Illinois Department of Financial and Professional Regulation closed Wheatland and appointed the FDIC as Receiver. (Compl. ¶ 3; D&O Compl. ¶¶ 2, 5).

3.  OneBeacon is a corporation organized and existing under the laws of the State of Wisconsin. (Docket Entry No. 9, Answer ¶ 4 (hereinafter "Answer")). Its principal place of business is Minnetonka, Minnesota. (*Id.*). OneBeacon issued Management and Professional Liability Policy No. 474000407-0000 (the "Policy") to Wheatland Bank for the claims-made Policy Period from December 14, 2007 until December 14, 2010. (*See* **Exhibit B**, Policy, Declarations Page).

4.  Michael A. Sykes was the President and Chief Executive Officer of the Bank from February 2007 to June 15, 2009 and a member of the Bank's Board of Directors and Loan Committee. (Compl. ¶ 13; D&O Compl. ¶ 7). Mr. Sykes is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

5. Arthur P. Sundry, Jr. was a member of the Bank's Board of Directors and Loan Committee from February 2007 to July 1, 2009. (Compl. ¶ 13; D&O Compl. ¶ 8). Mr. Sundry is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

6. Lewis Mark Spangler was the Chairman of the Bank's Board of Directors from February 2007 to April 2010. (D&O Compl. ¶ 6). Mr. Spangler is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

7. Leonard Eichas was the Chief Lending Officer of the Bank from February 2007 to June 2009. (*Id.* ¶ 9). Mr. Eichas is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

8. Frank Maly was a member of the Bank's Board of Directors from June 2007 to April 2010. (*Id.* ¶ 10). Mr. Maly is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

9. Dolores Ritter was the Chief Financial Officer of the Bank from February 2007 to December 2008. (*Id.* ¶ 11). Ms. Ritter is a defendant in the D&O Lawsuit. (*Id.*). She is believed to be a resident and citizen of the State of Illinois.

10. Michael Rees was a member of the Bank's Board of Directors from February 2007 to January 2008 and from November 2009 to April 2010. (*Id.* ¶ 13). Mr. Rees is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

11. Mary Davolt was a member of the Bank's Board of Directors from March 2007 to September 2009. (*Id.* ¶ 14). Ms. Davolt is a defendant in the D&O Lawsuit. (*Id.*). She is believed to be a resident and citizen of the State of Illinois.

12. Norman Beles was a member of the Bank's Board of Directors of the Bank from June 2007 to August 2008 and from July 2009 to February 2010. (*Id.* ¶ 15). Mr. Beles is a defendant in the D&O Lawsuit. (*Id.*). He is believed to be a resident and citizen of the State of Illinois.

13. Beverly Harvey was a member of the Bank's Board of Directors from January 2008 to April 2010. (*Id.* ¶ 16). Ms. Harvey is a defendant in the D&O Lawsuit. (*Id.*). She is believed to be a resident and citizen of the State of Illinois.

## II. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over OneBeacon's coverage defense counterclaims against the FDIC and D&Os pursuant to 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331 because all suits to which the FDIC is a party are deemed to arise under the laws of the United States. This Court further has jurisdiction over OneBeacon's coverage defenses pursuant to Rule 13 of the Federal Rules of Civil Procedure. In addition, without the FDIC's participation, there would be complete diversity between the D&Os and OneBeacon and jurisdiction would exist pursuant to 28 U.S.C. § 1332(a).

15. Venue is proper in the Northern District of Illinois (and its Eastern Division), pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to this action occurred in this District, including the issuance of the Bond and Policy, (*see* Policy, Declarations Page), the filing of the D&O Lawsuit, (*see* D&O Compl.), and the filing of this action against OneBeacon by the FDIC, (*see* Compl.).

16. OneBeacon seeks a declaratory judgment regarding its coverage defenses pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy within the meaning of 28 U.S.C.

§ 2201 exists between the parties regarding whether loss has occurred that is covered by the Bond and whether coverage is afforded under the Policy for the D&O Lawsuit.

### III. THE POLICY

17. The Policy, subject to all of its terms, conditions, and limitations, provides certain coverage to the Bank's directors and officers under the Insured Persons Liability Coverage Insuring Agreement (the "D&O Coverage"), which provides:

> The Insurer will pay on behalf of the Insured Persons, Loss for which the Insured Persons are not indemnified by the Financial Institution and for which the Insured Persons are legally obligated to pay by reason of Claims first made during the Policy Period or the Extended Reporting Period, if elected, against the Insured Persons for Wrongful Acts.

(Policy, § I.A).

18. The Policy only provides coverage for amounts that constitute Loss, which is defined, in pertinent part, as:

> [A]ny amount which the Insureds are legally obligated to pay resulting from a Claim, including damages, judgments, settlements, Defense Costs, pre- and post-judgment interest, punitive or exemplary damages, [and] the multiple portion of any multiplied damage award . . . , where insurable by law.  Loss shall not include:
>
> * * *
>
> (B)   any unpaid, unrecoverable or outstanding loan, lease or extension of credit to any customer or any forgiveness of debt[.]

(*Id.* § III.26. (referred to herein as the "Loan Loss Carve-Out")).

19. There is no duty to defend under the Policy, which provides that "[i]t shall be the duty of the Insured and not the duty of the Insurer to defend Claims." (*Id.* § V.E.1.). However, Section V.F. of the Policy contains an agreement for OneBeacon's advancement of defense costs, which provides, in pertinent part:

> [T]he insurer, if requested by the Insured, shall advance covered Defense Costs on a current basis, except when advancement of Defense Costs is prohibited by law or regulation. . . .

- 5 -

(*Id.* § V.F.1.).

## IV. THE D&O LAWSUIT

20. On May 5, 2011, the FDIC, in its capacity as Receiver for the Bank, filed a First Amended Complaint in the D&O Lawsuit. (*See* D&O Compl.).

21. According to the D&O Complaint, "the FDIC brings this lawsuit in its capacity as Receiver for Wheatland Bank . . . to recover over $22 million in losses the Bank suffered on certain commercial real estate ("CRE") loans, including acquisition, development, and construction ("ADC") loans, and one line of credit (collectively "Loss Loans")." (*Id.* ¶ 1).

22. As the D&O Complaint expressly states, as Receiver for the Bank the FDIC has "succeeded to all rights, titles, powers, and privileges of [the Bank] and its shareholders including, but not limited to, [the Bank's] claims against [its] former officers and directors for negligence, gross negligence, breach of fiduciary duty of care, breach of the fiduciary duty of loyalty, and failure to supervise the operations of the Bank." (*Id.* ¶ 5).

23. The FDIC alleges that the D&Os were negligent, grossly negligent, and/or breached their fiduciary duties to the Bank in approving certain enumerated loans and in failing to properly supervise, oversee and manage the Bank's lending operations. (*Id.* ¶¶ 116-46).

24. The FDIC alleges wrongdoing associated with the approval of eight "Loss Loans," which it asserts "[a]fter default . . . resulted in over $22 million in losses to the Bank." (*Id.* ¶¶ 46-47). The FDIC lists the specific loans as follows:

| Borrower | Loan Amount | Date of Approval | Estimated Loss |
|---|---|---|---|
| 2339-59 N. Seeley, LLC | $5.1 million | Apr. 25, 2007 | $3.8 million |
| Galewood Plaza II, LLC | $3.62 million | Dec. 12, 2007 | $1.4 million |

|  |  |  |  |
|---|---|---|---|
| Kathryn Gannett | $4.0 million | Dec. 12, 2007 | $3.4 million |
| Lakemill Plaza, LLC | $10.96 million | Jan. 9, 2008 | $4.4 million |
| Brighton Court, LLC | $7.02 million | Mar. 19, 2008 | $3.2 million |
| The Maycom Corporation/Riverstone Development, LLC | $7.2 million | Jan. 28, 2009 | $1.6 million |
| Kyle Properties/CBI Tinley, LLC | $5.6 million | Feb. 25, 2009 | $1.5 million |
| Morgan Street Properties, LLC | $4.9 million | Mar. 25, 2009 | $3 million |
|  | **TOTAL** |  | **$22.3 million** |

(*Id.* ¶ 41).

25. The FDIC further classifies seven of the "Loss Loans" (all but the Brighton Court, LLC loan) as "Insider Loss Loans," because they were allegedly "made to favored shareholders or borrowers on terms that were preferential and abusive and extremely harmful to the Bank." (*Id.* ¶ 44).

26. The First Amended Complaint sets forth six counts against the D&Os. (*Id.* ¶¶ 116-46). Consistent with its allegations addressing losses associated with the Loss Loans, five of the six counts asserted by the FDIC allege that "the FDIC suffered damages in excess of $22 million." (*Id.* ¶¶ 121, 126, 131, 141, 146). A sixth count, which is confined to the Insider Loss Loans, estimates damages from those loans "in excess of $19 million." (*Id.* ¶ 136).

27. The D&Os have sought coverage under the Policy for the D&O Lawsuit. In response, OneBeacon has agreed to advance defense costs, subject to a full reservation of rights.

## V. THE COVERAGE ACTION

28. The FDIC, in its capacity as Receiver for the Bank, filed its complaint in the instant action on June 10, 2011. (*See* Compl.). The lawsuit seeks damages resulting from OneBeacon's alleged breach of its contractual obligations under a financial institution bond (the "Bond"). (*Id.* ¶ 1). The two loans at issue in the Bond litigation are not the subject of the D&O Lawsuit. (*Compare* ¶¶ 16, 39, 42 *with* D&O Compl. ¶ 41).

29. The FDIC contends that payment is due under the Bond for "losses resulting from the dishonest and fraudulent conduct of Wheatland's former President and Chief Executive Officer Michael A. Sykes ("Sykes") and former director Arthur P. Sundry, Jr. ("Sundry")" in connection with two defaulted loans issued by Wheatland. (Compl. ¶ 1).

30. On August 8, 2011, OneBeacon filed an answer, including an affirmative defense of rescission and a companion counterclaim seeking rescission of the Bond (or the increase in its limits), and a declaratory judgment that the FDIC's alleged losses are not covered by the Bond. (Dock. No. 9, Answer, pp. 1-31). OneBeacon denied that the FDIC had presented evidence to support its claim under the Bond, but alleged rescission as a purely conditional matter on the grounds that if the FDIC proves that Sykes and Sundry actually engaged in the alleged dishonest conduct, then Sykes also misrepresented in the Bank's joint application for the Bond and the Policy that neither he nor the Bank had knowledge of facts that could give rise to a loss under the Bond or the Policy. (*Id.*).

31. On that same conditional basis, OneBeacon filed a counter/third-party claim against the FDIC and D&Os seeking rescission of the Policy (or the increase in its limit). (*Id.*, pp. 43-47). Additionally, in light of the D&O Lawsuit filed by the FDIC and coverage for that suit being sought by the D&Os, OneBeacon also sought a declaratory judgment against the FDIC

- 8 -

and the D&Os regarding its coverage defenses under the Policy with respect to the D&O Lawsuit, including a declaration that the Policy's Loan Loss Carve-Out precludes coverage for the FDIC's claimed damages and that OneBeacon has no duty to advance defense costs or indemnify the D&Os in connection with the D&O Lawsuit. (*Id.*, pp. 48-50).

Respectfully submitted this 29th day of November, 2011.

| | |
|---|---|
| /s/ Thomas J. Judge | /s/ Kimberly E. Blair |
| Thomas J. Judge | Michael P. Tone |
| Charles W. Chotvacs (of counsel) | Kimberly E. Blair |
| Richard W. Boone, Jr. (of counsel) | WILSON ELSER MOSKOWITZ |
| THOMPSON, LOSS & JUDGE, LLP | EDELMAN & DICKER LLP |
| Two Lafayette Centre | 55 West Monroe Street, Suite 3800 |
| 1133 21st Street, NW, Suite 450 | Chicago, IL 60603-5001 |
| Washington, DC 20036 | Telephone: (312) 704-0550 |
| Telephone: (202) 778-4060 | Facsimile: (312) 704-1522 |
| Facsimile: (202) 778-4098 | |

Michael Keeley (*pro hac vice*)
Toni Scott Reed (*pro hac vice*)
Michael Feiler (*pro hac vice*)
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4303

*Counsel for Defendant/Counter-Plaintiff*
*OneBeacon Midwest Insurance Company*