11-3972.131                                                      April 23, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for WHEATLAND BANK, <br><br>  Plaintiff, <br><br>  v. <br><br> ONEBEACON MIDWEST INSURANCE COMPANY, <br><br>  Defendant. | No. 11 C 3972 |

**MEMORANDUM OPINION**

This is a breach of contract action brought by the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Wheatland Bank, against OneBeacon Midwest Insurance Company ("OneBeacon"), alleging that OneBeacon has wrongfully denied payment to the bank under a fidelity bond. The bank allegedly incurred losses as a result of two bank officers having approved improvident loans to entities in which they had substantial ownership interests.

Pursuant to document requests made by OneBeacon, the FDIC has produced 147,000 pages of documents, almost all of which the FDIC has marked as "Confidential." The parties agree that these documents, as well as the smaller number of documents produced by OneBeacon, will be treated as confidential during the litigation and that a suitable protective order will be entered by the court. However, they have been unable to agree on what OneBeacon will be

obligated to do in regard to the FDIC's documents at the conclusion of the litigation. The question now before the court is whether to enter the protective order proposed by the FDIC or an alternative proposed by OneBeacon. Both proposals allow OneBeacon to retain the FDIC's documents after the conclusion of the litigation in certain circumstances. The FDIC's proposed order would permit the receiving party to retain documents (a) "for as long as necessary as may be required by statute, regulation, or rule;" (b) "to satisfy obligations to insurers and to make insurance recoveries;" and (c) "for as long as the party is still involved in related insurance coverage disputes and reasonably believes that the files or documents may be relevant to that other coverage dispute." (See FDIC Proposed Order, attached as Ex. A to FDIC Mot., ¶ F.3.) It further provides that the receiving party shall, within 90 days after the final adjudication of this case, return any materials not needed for these purposes or else certify in writing that the materials have been destroyed. (See id.) OneBeacon's proposed order would permit the receiving party to retain discovery materials "as deemed reasonably necessary, including as reasonably necessary to comply with ethical obligations of counsel, business requirements, future requests for review by reinsurers, auditor[s] and regulators, or as necessary to exercise or enforce any subrogation rights." (Def.'s Resp., p. 4-5.) At the end of the case, the receiving party would then "promptly" return any material

that it chose not to retain for these purposes. (See id. at 5.)[1]

OneBeacon objects to language in the FDIC's proposed order that requires OneBeacon to identify any documents it intends to retain for the designated purposes. The contested provision is as follows:

> A party who seeks to retain documents [for any of the permitted purposes] ... shall promptly so advise the party requesting return or destruction of such documents of its intention.

(FDIC Mot., p. 3.)

OneBeacon argues that the disputed language is unnecessary. It seems to think it is unusual for a producing party to desire the return or destruction of its discovery materials at the conclusion of a case. We think it is OneBeacon that has the unusual view. We customarily enter agreed protective orders that call for the return of discovery materials at the end of the case. In fact, we do not recall a protective order like the one contemplated here, where the receiving party is allowed to retain the materials for as long as

---

[1] The parties argue at length in their briefs about whether there will be any real need for OneBeacon's retention of any of the materials produced by the FDIC. The FDIC correctly points out that OneBeacon has not given a single example of a statute, rule or regulation that would call for its use or production of any of the discovery materials it has received in this litigation. We agree with the FDIC that any future need for the materials is entirely speculative, but we decline to rest our decision on that ground. All the FDIC wants from OneBeacon is an indication of what items it is retaining at the conclusion of the case so that the FDIC will have an opportunity to object. Furthermore, we conclude that the categories of materials that the receiving party may retain in the FDIC's proposed order are sufficiently broad to encompass many of the materials that OneBeacon speculates it will be required to retain. (Cf. Supp. Brf., ¶¶ 22-30, pp. 9-12.) If there are disputes about particular materials, the parties will have an opportunity to present those disputes to the court at the appropriate time. (See FDIC's Proposed Order, ¶ F.3 ("Any disputes concerning the applicability of this paragraph shall be resolved by this Court.").)

20 years following conclusion of the case. (See Def.'s Resp., p. at 5.)

OneBeacon points out that the FDIC has entered into agreed protective orders with St. Paul Mercury Insurance Company in cases in the Western District of Arkansas and the Western District of Oklahoma that have no provisions like the one in question here. This is OneBeacon's principal point. It appears repeatedly in the two briefs it has filed in opposition to the FDIC's proposed order. But we think that what the FDIC did in other cases involving a different insurance company is irrelevant to what it is legally entitled to demand in this case. These are, after all, the FDIC's materials, and for that reason alone it is entitled to have them back when they have fully served their purpose in the litigation. It is OneBeacon, not the FDIC, that must show justification for post-termination possession of the materials.[2]

Another reason OneBeacon thinks the notification provision is unnecessary is that some of the materials produced by the FDIC are not really confidential. OneBeacon has begun a limited review of the documents and has found some items, such as personal communications between bank employees, that could not be considered confidential. OneBeacon gives no indication of how many items of

---

[2] The FDIC cites the fact that Judges Dow and Pallmeyer of this court have recently entered protective orders containing the notification language it proposes here. We assume these orders were entered by agreement, with no rulings by Judges Dow or Pallmeyer on the language in question, because the FDIC does not indicate otherwise.


this nature it has discovered. We are impressed by its failure to state that the bulk of what it has examined so far is not confidential.

OneBeacon cites a number of cases for the proposition that "there is a strong presumption toward public disclosure of court files and documents." (Suppl. Brf. at 4.) The point is not developed, and we are unclear as to what OneBeacon has in mind. There is certainly a strong presumption that court filings and court files are to be open to the public, absent exceptional circumstances. But this rule has no application to discovery materials that are simply exchanged by the parties and not filed with the court.

We have not had occasion to rule on the question of whether any of the materials produced by the FDIC are genuinely confidential, because the parties have agreed that items so designated by the producing party will be treated as confidential during the life of the case. Although the agreed portion of the protective order gives either party the option of challenging the other party's designation of an item as confidential,[3] OneBeacon has not made any such challenge.

Our conclusion is that, unless OneBeacon can show a very strong reason for not identifying the materials it intends to retain after the conclusion of the litigation, so that the FDIC

---

[3] (See FDIC Proposed Order ¶ D.1-2, pp. 6-7.)

will have the opportunity to challenge the need for such retention, the provision sought by the FDIC is appropriate. We turn, then, to an examination of OneBeacon's contention that requiring it to identify the materials it is retaining would be unduly burdensome.

\* \* \* \*

The gist of OneBeacon's argument about the excessive burden is the following,

> The volume of the documents produced and the designation of all such records as "Confidential" illustrates the next point: that the proposed language in the FDIC's draft in this case is too burdensome, because it purports to require OneBeacon to "seek" leave from the FDIC to retain documents at the end of the case, and to identify each and every document so retained. The FDIC has produced over 147,000 pages of documents in this case, all of which OneBeacon has reviewed to date have been marked "Confidential." While setting aside the point that all such documents are not truly confidential, it would be an extreme burden at the end of the case to require OneBeacon to sort through over 147,000 pages of electronic records and to destroy some parts of those electronic records, to index every page that is to be retained, and to seek leave from the FDIC about the contents of the indexed list.
>
> OneBeacon estimates that such a project could cost $30,000 to $40,000 to complete, based upon a combination of attorney time and legal assistant time to adequately review, categorize, and index these documents, in consultation with OneBeacon and all of its document retention requirements.[4]

The FDIC's response is interesting:

> OneBeacon's contention that disclosing what it retains in its claim file post-litigation would be overly burdensome is not credible. Without any support or explanation, OneBeacon conclusorily asserts that it will cost between

---

[4] (Suppl. Brief, ¶¶ 31, 32, p. 12.)

>  $30,000 and $40,000 to sort through the FDIC-Receiver's production at the conclusion of the litigation. *See* OneBeacon's Suppl. Brf. at ¶ 32.
>
> As an initial matter, OneBeacon has no grounds to complain about the volume of the FDIC-Receiver's production. It is a direct result of the incredible breadth of OneBeacon's discovery requests. OneBeacon issued one hundred twenty (120) document requests seeking virtually every document produced by Wheatland Bank even though this case only concerns two loans and one fidelity bond. It is not surprising that a significant portion of the FDIC-Receiver's production is marked Confidential because it is principally composed of Bank records, including loan underwriting documents and FDIC regulatory materials.[5]

The FDIC did not object to the OneBeacon's discovery requests, and we had no knowledge of the volume of the production until this dispute arose about the protective order. It does appear that OneBeacon may have collected more bank records than it needed to defend a case based on two loans, but, for a reason we will mention shortly, we need not reach that question. We do agree with the FDIC's comment that the $30-$40,000 cost "estimate" is purely conclusory.

OneBeacon makes a further argument that it is "not realistic" for the FDIC to insist upon the destruction or return of documents that were produced by the FDIC in electronic form.[6] We do not follow the argument. An increasing percentage of document discovery is now in electronic form, but OneBeacon is the first party to suggest to us that electronic discovery should be treated

---

[5]/ (FDIC Resp. Br. at pp. 4-5.)

[6]/ (Suppl. Brf., ¶ 35 at p. 13.)

differently than documents produced in paper form as far as post-termination obligations are concerned.

But what causes us to reject OneBeacon's claim of excessive burden is the fact that, as pointed out by the FDIC, OneBeacon is going to be required to parse the documents produced by the FDIC in order to determine which of them are relevant to the FDIC's breach of contract claim. Whatever the cost, this is something OneBeacon will have to do. Thus, at the conclusion of the case, OneBeacon will already have done what it needs to do in order to identify for the FDIC the documents it wishes to retain. (We assume these will be the documents found to be relevant to the FDIC's claim, but if there are others as well, OneBeacon will know which ones they are.)

If for some reason OneBeacon does not do a thorough review of the 147,000 pages during the course of the litigation, it will need to complete the process at the end of the case in order to make a good faith determination as to which documents it needs to retain. OneBeacon has not argued that it will need to retain for one or more of the permitted purposes <u>all</u> of the documents, and clearly it has no right to retain documents which would be unnecessary for those purposes.

## **CONCLUSION**

The FDIC's motion for entry of a protective order [95] is granted. The court will enter the order submitted by the FDIC.

```
DATE:       April 23, 2013

ENTER:      _____
            John F. Grady, United States District Judge
```