**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| FDIC as Receiver for WHEATLAND BANK, | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-03972 |
| | ) | |
| ONEBEACON MIDWEST INSURANCE COMPANY | ) ) | Judge John F. Grady |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |
| | ) | |

**JOINT MEMORANDUM IDENTIFYING PORTIONS OF SUMMARY JUDGMENT RECORD THAT SHOULD REMAIN SEALED**

Pursuant to the Court's instructions in its March 31, 2014 Memorandum Opinion, ECF No. 198, Plaintiff the Federal Deposit Insurance Corporation as Receiver for Wheatland Bank (the "FDIC-Receiver") and Defendant OneBeacon Midwest Insurance Company ("OneBeacon") (collectively, the "Parties") file this joint memorandum identifying particular portions of the summary judgment record that they believe should remain under seal and the supporting reasons.[1]

The confidential information that should remain sealed falls into two categories: (1) confidential borrower or guarantor personal identifying information, including individuals' financial information, and (2) records regarding FDIC examinations of Wheatland Bank. Bank customers' nonpublic personal information is protected by 15 U.S.C. § 6801(a), which requires financial institutions to protect the security and confidentiality of their customers' nonpublic

---

[1] On page 32 of the Court's Memorandum Opinion, it stated as follows: "By April 25, 2014, the parties may file a joint memorandum identifying particular portions of the summary-judgment record that they believe should remain under seal and explaining why."

personal information. FDIC examination materials are confidential and specifically exempted from public disclosure pursuant to 12 C.F.R. § 309.5.

Specifically, the Parties jointly identify the following portions of the summary judgment record which should remain under seal pursuant to one of those two enumerated grounds:

1. ECF No. 180, FDIC Response to OneBeacon Statement of Material Facts ("SMF"), pp. 3 and 17 should remain under seal pursuant to 12 C.F.R. § 309.5(g)(8) because those pages recite or paraphrase records related to an examination report prepared by or on behalf of the FDIC.

2. ECF No. 181, FDIC SMF Exhibit 2 – Excerpts from February 4, 2008 Report of Examination should remain under seal pursuant to 12 C.F.R. § 309.5(g)(8) because those pages are records related to an examination report prepared by or on behalf of the FDIC.

3. ECF No. 181, FDIC SMF Exhibit 3 – Village Walk Loan Approval Request, pp. 2-4 should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal identifying information, including confidential guarantor financial information.

4. ECF No. 181, FDIC SMF Exhibit 4 – Original Proof of Loss should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal identifying information, including confidential guarantor financial information.

5. ECF No. 181, FDIC SMF Exhibit 6 – Amended Proof of Loss should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal identifying information, including confidential guarantor financial information.

6. ECF No. 181, FDIC SMF Exhibit 7 – Bellony Real Estate Loan Approval Request, pp. 2-4 should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages

contain nonpublic personal identifying information, including confidential guarantor financial information.

7. ECF No. 181, FDIC SMF Exhibit 9 – March 21, 2007 Loan Committee Minutes, p. 1 should remain under seal pursuant to 15 U.S.C. § 6801(a) because that page contains nonpublic personal identifying information, including confidential borrower financial information.

8. ECF No. 181, FDIC SMF Exhibit 10 – Pendolino Loan Settlement Statement should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal identifying information, including confidential guarantor financial information.

9. ECF No. 182, FDIC SMF Exhibit 19 – Spangler Deposition Transcript Excerpts, p. 47 should remain under seal pursuant to 15 U.S.C. § 6801(a) because that page contains nonpublic personal identifying information, including confidential guarantor financial information.

10. ECF No. 193, OneBeacon Statement of Material Facts ("SMF"), pp. 3 and 10 should remain under seal pursuant to 12 C.F.R. § 309.5(g)(8) because those pages recite or paraphrase records related to an examination report prepared by or on behalf of the FDIC.

11. ECF No. 191, OneBeacon Reply to FDIC Response to SMF, pp. 4 and 19 should remain under seal pursuant to 12 C.F.R. § 309.5(g)(8) because those pages recite or paraphrase records related to an examination report prepared by or on behalf of the FDIC.

12. ECF No. 193, OneBeacon Appendix in Support of SMF, Exhibit A – Deposition of Sykes, p. 406 should remain under seal pursuant to 15 U.S.C. § 6801(a) because that page contains nonpublic personal identifying information, including confidential guarantor financial information.

13. ECF No. 193, OneBeacon Appendix in Support of SMF, Exhibit D – Deposition of FDIC, p. 370 should remain under seal pursuant to 15 U.S.C. § 6801(a) because that page contains nonpublic personal identifying information, including confidential guarantor financial information.

14. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 8 – Wheatland Bank Loan Approval Request (Pendolino), pp. 2-4 should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal identifying information, including confidential guarantor financial information.

15. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 13 – March 21, 2007 Wheatland Bank Loan Committee Minutes, p. 1 should remain under seal pursuant to 15 U.S.C. § 6801(a) because that page contains nonpublic identifying personal information, including confidential borrower financial information.

16. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 21 – Wheatland Bank Loan Approval Request, pp. 2-4 should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal information, including confidential guarantor financial information.

17. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 43 – 2008 FDIC Report of Examination for Wheatland Bank should remain under seal pursuant to 12 C.F.R. § 309.5(g)(8) because those pages are records related to an examination report prepared by or on behalf of the FDIC.

18. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 183 – December 7, 2007 Email from Mike Sykes to Arthur Sundry forwarding Venturella Village Walk Loan Approval Request, pp. 2-4 should remain under seal pursuant to 15 U.S.C. § 6801(a)

because those pages contain nonpublic personal information, including confidential guarantor financial information.

19. ECF No. 193, OneBeacon Appendix in Support of SMF, Deposition Exhibit 268 – December 12, 2007 Wheatland Bank Loan Committee Minutes, pp. 1-2 should remain under seal pursuant to 15 U.S.C. § 6801(a) because those pages contain nonpublic personal information, including confidential borrower information.

20. To avoid burdening the Court, the Parties respectfully suggest that the Court keep the already filed summary judgment record under seal and direct the Parties to refile the entire record, unredacted, with the exception of the pages identified above that will be redacted and remain sealed.

WHEREFORE, the Parties respectfully request that this Court order the above referenced portions of the summary judgment record to remain under seal and for the parties to file the remainder of the summary judgment record in unredacted form.

Dated:  April 25, 2014                                              Respectfully Submitted,

| | |
|---|---|
| /s/ Toni Scott Reed | /s/ Lawrence H. Heftman |
| Michael Keeley<br>Texas Bar No. 11157800<br>*Admitted Pro Hac Vice*<br>michael.keeley@strasburger.com<br>Toni Scott Reed<br>Texas Bar No. 07788376<br>*Admitted Pro Hac Vice*<br>toni.reed@strasburger.com<br>STRASBURGER & PRICE, LLP<br>901 Main Street, Suite 4400<br>Dallas, TX 75202<br>(214) 651-4300<br>(214) 651-4303 – fax<br><br>Michael P. Tone<br>michael.tone@wilsonelser.com<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>55 West Monroe Street, Suite 3800<br>Chicago, IL 60603<br>(312) 704-0550<br><br>*Counsel for Defendant OneBeacon Midwest Insurance Company* | Antony S. Burt<br>Lawrence H. Heftman<br>Kelly M. Warner<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive, Suite 6600<br>Chicago, IL 60606<br>Tel: (312) 258-5500<br>Fax: (312) 258-5600<br><br>*Counsel for Plaintiff FDIC-Receiver* |

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing on April 25, 2014 by filing a copy using the ECF System, which constitutes service on all counsel having appeared as record.

                                                                                    /s/ Lawrence H. Heftman